Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRADFORD MARSELAS JOHNSON and ERIC WOODBERRY,<br><br>Defendants. | No. CR18-049RAJ<br><br>ORDER ON GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE OR LIMIT CRIMINAL HISTORIES OF CERTAIN WITNESSES |

THIS MATTER has come before the Court upon the government's Motion *in Limine* to Exclude or Limit the Criminal Histories of Certain Witnesses (Dkt #76). Having considered the motion, defendant Woodberry's response, and the files and pleadings herein, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

The government seeks to prohibit the defendants from inquiring into P.K.'s conviction for Driving Under the Influence and Attempted Possession of Less than 40 Grams of Marijuana and A.W.'s conviction for Reckless Driving. Defendant Woodberry concedes that these prior convictions should be excluded. Defendant Woodberry asks this Court to deny the motion as it relates to R.M.'s two 2003 convictions for Robbery in the First Degree.

ORDER ON GOVERNMENT'S MOTION IN
LIMINE TO EXCLUDE OR LIMIT
CRIMINAL HISTORIES OF CERTAIN
WITNESSES – 1

The government concedes that the prior robbery felonies are presumptively admissible under Fed. R. Evid. 609 as they were felonies punishable by imprisonment for more than one year and defendant was released from prison just under ten years ago. (Dkt. #76, p. 5). Under Fed. R. Evid. 403 the Court is permitted to exclude such evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The government wrongly concludes that the probative value of the evidence is diminished because they anticipate R.W. will merely testify about matters which are mostly captured on video. (Dkt. #76, p. 5). The government failed to mention that R.W. is also expected to testify about what he heard the robbers say, what he observed from his vantage point during the robbery, and what was done and said when the robbers and employees were in the back of the store outside the area under video surveillance. R.W.'s testimony may also include the clothing identification at the "show up" when the suspected robbers were presented to the three witnesses to identify their clothing, an event not on the video recording.

These events clearly place R.W.'s testimony in a light where aspects of his credibility should be explored. Under these circumstances, the Court does not believe the probative value of this evidence is outweighed by the limitations of Rule 403. To guard against confusing the issues as expressed by the government, the government is permitted to submit a proper limiting instruction to be read to the jury at the time this examination occurs, whether it be elicited by the government or the defense.

Any examination of R.W. on the prior robbery convictions shall be limited to the fact of conviction, the general nature of the crime, the date, and the punishment.

///
///
///
///

ORDER ON GOVERNMENT'S MOTION IN
LIMINE TO EXCLUDE OR LIMIT
CRIMINAL HISTORIES OF CERTAIN
WITNESSES – 2

For these reasons, the government's Motion *in Limine* to Exclude or Limit the Criminal Histories of Certain Witnesses (Dkt. #76) is **GRANTED IN PART** and **DENIED IN PART**.

DATED this 12th day of April, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER ON GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE OR LIMIT CRIMINAL HISTORIES OF CERTAIN WITNESSES – 3