Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRADFORD MARSELAS JOHNSON and ERIC WOODBERRY,<br><br>Defendants. | No. CR18-049RAJ<br><br>ORDER ON DEFENDANTS' MOTIONS TO DISMISS COUNT 2 DUE TO SELECTIVE PROSECUTION |

THIS MATTER has come before the Court upon Defendant Bradford Johnson and Defendant Eric Woodberry's Motions to Dismiss Count 2 Due to Selective Prosecution (Dkt. ##71 and 73). Having considered the motions, the government's response (Dkt. #95), and the files and pleadings herein, the Court **DENIES** the defendants' motions.

Defendants seek dismissal of Count 2 of the Indictment alleging "selective prosecution." Both also seek discovery to support their argument.

Defendants begin with the faulty conclusion that they have made a threshold showing of discrimination, thereby entitling them to discovery and/or relief from prosecution. At best, what the defendants have established is that they are members of a

ORDER ON DEFENDANTS' MOTIONS TO
DISMISS COUNT 2 DUE TO SELECTIVE
PROSECUTION – 1

distinct racial minority group, African-America, and that both are the subject of a Federal Indictment. The defendants have also shown that the victim of the robbery, who is the subject of the current charges, is a marijuana dispensary that has not been charged or prosecuted in any manner by federal authorities.

The Court agrees with the succinct conclusion of the government as stated in its response pleading:

> "This argument has no merit. The defendants have failed to evince a shred of evidence that the government acted with a discriminatory purpose. Further, they have provided no evidence that similarly situated individuals were treated differently on the basis of a protected status (here, race)." (Dkt. #95, p. 4).

The government's argument accurately sets forth the legal standards this Court must consider in addressing selective prosecution claims. Specifically, that the defendants must show clear evidence of an equal protection violation by showing that a federal prosecutorial policy "had a discriminatory effect and that is was motivated by a discriminatory purpose." *Wayte v. United States*, 470 U.S. 598, 608 (1985).

In engaging in this analysis, this Court recognizes that so long as there is probable cause to believe that the defendant committed a crime against the United States, the decision of whether to prosecute rests almost entirely within the government's discretion. This discretion, however, must be exercised in conformity with the Due Process clause of the Fifth Amendment and Equal Protection clause of the 14th Amendment, both of which prohibit the government from making prosecutorial decisions based upon race.

As noted in *United States v. Armstrong*, 517 U.S. 456 (1996), a "presumption of regularity" supports prosecutorial decisions, which will not be upset absent clear evidence to the contrary.

For the defendants to advance their claim of selective prosecution they have the burden to show by way of clear evidence that a federal prosecutorial policy "had a discriminatory effect and that it was motivated by a discriminatory purpose." *Id. Wayte*, 470 U.S. at 608. This burden includes the need for the defendants to demonstrate

discriminatory effect by showing that similarly situated suspects were not prosecuted. The defendants have failed to meet this burden.

The Court reaches this conclusion because the defendants' first step in meeting their burden is to establish that the government acted with discriminatory intent. There is no evidence advanced by the defendants that the government was motivated to prosecute based on their race.

The record is equally devoid of any evidence to demonstrate discriminatory effect from the government's decision to prosecute the defendants.

The plain and simple fact is that the defendants and the marijuana store operators are totally dissimilar in operation and means. True, the marijuana store is selling drugs in violation of federal law, but that is where the similarity stops. The marijuana stores operate in compliance with a Washington State sanctioned law and must conform to state rules and regulations that permit the sale of marijuana. The operation of the dispensary under the protection of the Washington law hardly rises to being a true comparator to the conduct or circumstances of the defendants, who are charged with acts of violence and drug sales not sanctioned under any state or federal law. Hence, these circumstances do not support a selective prosecution claim.

If this were a circumstance where the marijuana store had been operated by two African-Americans and they were singled out for prosecution where white counterparts were not, a far better comparator or similarly situated argument could be made. But that is not the case and defendants completely fail to establish any basis for the Court to see them as similarly situated to the marijuana store.

Without relevant facts or legal authority to support their claim, the defendants have failed to demonstrate that the government engaged in conduct to show discriminatory intent or that its decision had a discriminatory effect.

Having failed to establish the existence of evidence of selective prosecution, they have also failed to meet the requirements to obtain discovery. For these reasons, this request is also denied.

For these reasons, the defendants' Motions to Dismiss for Selective Prosecution (Dkt. ##71 and 73) are **DENIED**.

DATED this 15th day of April, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER ON DEFENDANTS' MOTIONS TO
DISMISS COUNT 2 DUE TO SELECTIVE
PROSECUTION – 4