HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

BRADFORD MARSELAS JOHNSON and
ERIC HENRY WOODBERRY,

    Defendants.

Case No. CR18-049 RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on several related motions. Defendant Johnson moves the Court to exclude evidence of his 2015 robbery conviction, while the government moves *in limine* to admit the same. Dkt. ##68, 82. Johnson also moves to bifurcate or sever Count 5 of the Indictment from the other remaining counts. Dkt. #70. For the reasons below, the Court **GRANTS in part** Defendant's motion to exclude the prior robbery conviction and **DENIES** the government's motion. The Court also **GRANTS** Defendant's motion to bifurcate Count 5 of the Indictment.

## II. BACKGROUND

Defendant Johnson was charged in connection with the November 2017 robbery of Rainier Cannabis, a marijuana dispensary in Mountlake Terrace, WA. The Indictment specifically charges Johnson with robbery (Count 1); possession of marijuana with intent to distribute (Count 2); possession of a firearm in furtherance of violence and a drug

ORDER – 1

trafficking crime (Count 3) (collectively, the "robbery-related counts"); and felon in possession of a firearm (Count 5). Johnson seeks to exclude evidence of his 2015 robbery conviction, also of a marijuana dispensary, which the government intends to introduce pursuant to FRE 404(b). Johnson also moves to bifurcate or sever Count 5 of the Indictment from the robbery-related counts.

## III. LEGAL STANDARD

### A. Rule 404(b)

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. Fed. R. Evid. 404(a). It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Fed. R. Evid. 404(b). "Rule 404(b) 'is a rule of inclusion.'" *United States v. Jackson*, 84 F.3d 1154, 1159 (9th Cir. 1996). "Unless the evidence of other crimes tends only to prove propensity, it is admissible." *Id*.

Evidence of prior criminal conduct may be admitted if (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged. *United States v. Luna*, 21 F.3d 874, 878-79 (9th Cir. 1994); *United States v. Garcia–Orozco*, 997 F.2d 1302, 1304 (9th Cir.1993). If the evidence in question satisfies these requirements, the trial court must then apply Federal Rule of Evidence 403. *United States v. Bradley*, 5 F.3d 1317, 1320 (9th Cir. 1993).

### B. Bifurcation

Rules 8(b) and 14 of the Federal Rules of Criminal Procedure "'are designed to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.'" *Bruton v. United States*, 391 U.S. 123, 131 n .6 (1968). However, if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial

ORDER – 2

appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires. Fed. R. Crim. P. 14(a).

## IV. DISCUSSION

As the Ninth Circuit has noted, trying a felon in possession count together with other felony charges creates a very dangerous situation because the jury might improperly consider the evidence of a prior conviction when deliberating about the other felony charges, *i.e.* convict the defendant because he is a "bad guy" or convict because "he committed a crime before and probably did this one too." *United States v. Nguyen*, 88 F.3d 812, 816 (9th Cir. 1996).

The government takes the position that no specific undue prejudice would result by joining the felon-in-possession count together with the robbery-related counts, and ultimately, Johnson's prior robbery conviction should be properly admitted under FRE 404(b) to prove identity, intent, motive, plan, preparation and knowledge. Dkt. # 86 at 7. The government further contends that any prejudice of admitting evidence of the 2015 robbery conviction would be minimal. *Id.* According to the government, the evidence against Johnson is "overwhelming" to the point where evidence of the 2015 conviction would likely have "little to no effect" on the robbery-related counts. *Id.* Defendant contends, however, that admitting evidence of the prior robbery would result in substantial prejudice, as would trying the felon-in-possession count together with the robbery-related counts. Dkt. # 68 at 5.

The Court agrees that a danger of undue prejudice would exist by trying the felon-in-possession count together with the robbery-related counts. *See Nguyen*, 88 F.3d at 816. And in light of the government's proffer that the evidence against Johnson is "overwhelming," the Court finds there is little reason to inject the danger of prejudice when other means of proof are likely to be sufficient. *See Huddleston v. United States*, 485 U.S. 681, 688 (1988); *see also Nguyen*, 88 F.3d at 816 (noting concern with the inefficacy of

ORDER – 3

limiting instructions in ameliorating prejudice of prior conviction on other charges). *See Nguyen*, 88 F.3d at 816. Accordingly, the Court will preclude the government from introducing evidence of Johnson's prior conviction in its case-in-chief on the robbery-related counts and grant Defendant's motion to bifurcate Count 5 of the Indictment.[1] However, should Johnson testify during trial on the robbery-related counts, the government may be permitted to use the 2015 robbery conviction for impeachment purposes. *See, e.g.*, *United States v. Williams*, 939 F.2d 721 (9th Cir. 1991). The Court also instructs the government to submit jury instructions on the bifurcation of Count 5 by **June 14, 2019**. The Court will read these instructions to the jury following their verdict on the robbery-related counts.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS in part** Defendant's motion to exclude the prior robbery conviction and **DENIES** the government's motion. Dkt. ##68, 82. The Court also **GRANTS** Defendant's motion to bifurcate Count 5 of the Indictment. Dkt. #70.

DATED this 15th day of April, 2019.

The Honorable Richard A. Jones
United States District Judge

---

[1] This order does not preclude the government from introducing evidence of the prior robbery conviction during the second phase of the trial on Count 5.

ORDER – 4